*280 Green Cray recovered of Daniel Miller a tract of land, arid Miller recovered a judgment under the laws respecting occupying claimants, for improvements, which was reversed by this court, on the ground that the acts of assembly concerning occupying claimants did not embrace the case—4 Bibb 461. Miller then filed this bill, claiming pay for the same improvements by decree in equity. The court below decreed accordingly, deducting rents after notice of Clay’s title by suit. To reverse this decree each party has prosecuted a writ of error.
2. It appears that Miller purchased part of a preemption, and took (Feds therefor, running to its supposed boundary ; and, resting on his purchase, made improvements and settled upon the land. It was afterwards discovered that one line of said pre-emption was much shorter than its parallel line; that the closing line could not run at right angles, but passed in a manner diagonally, to reach the true corner on the shortest line; by which means part of the land and improvements of Miller were left out, and recovered by Clay, who held an adjoining survey. Under such circumstances, we have no doubt, in the absence of all proof of Miller’s knowledge of the boundary, as last fixed, that Miller was a bona fide and innocent, though mistaken occupant, and, as such, entitled to recover the ameliorations of the soil, by which the recoverer would be enriched. Indeed, the right of recovery is not seriously contested by the assignment of error ; but the objections are directed to the details of the decree.
3. The court had pronounced an interlocutory decree, and commissioners had been appointed and re. ported. To their report Clay filed sundry exceptions, which were overruled. While the court had the cause under advisement fot; a final decree, Clay tendered an amended answer, in the nature of a cross bill, stating *281 that the balance reported for improvements was greater than the whole land would sell for, and calling on Miller to say whether such was not the fact; and he then proceeds to offer the land at the price fixed by the commissioners. And if this offer was not accepted, he then offered to Convey the whole land and improve ments gratis, or.for .no other consideration than.being acquitted of paying for the improvements ; and he re quires Miller to answer and say whether he would ac cept the land on these terms. The Court overruled this application, and. we conceive, properly. If this matter had been proper, it might have been advanced at a previous stage of ihe proceedings, and no excuse for delaying it till that hour is pretended,, except that it did not occur to him or his counsel. But we are far from admitting it to be proper at any stage of the cause. He liad previously elected to keep and hold the land itself, by recovering the possession. Besides, the chancellor is not bound to admit into the pleadings of the cause, propositions of accommodation, which can be made to greater advantage without doors. This was one of that nature, which Miller was at liberty to accept or refuse, and w hich the chancellor had not the power of compelling him to embrace. The amendment was, therefore, properly rejected.
It seems that this cannot b'. done at any stage of the proceedings, because the proprietor in recovering the land, made an election by which he ought to be bound.
Many exceptions were made to the report of the commissioners, by Clay, most of which rested on matter of fact, the proof of which rested upon him. As he failed to make such proof, they will not be noticed. Most of his exceptions in law, were frivolous, and need not be recited. The only one entitled to consid. eration, is an exception because he had no notice of the time and place of the meeting of the commissioners. These commissioners had been appointed by order, before any decree, and had reported, to which Clay excepted ; and, by consent of parties, the report was re-committed and amended by the commissioners. The court then heard the cause, and'pronounced an interlocutory decree, determining the right of Miller to recover, and fixing the principles of that recovery ; and added an order appointing the same commission, ers, and re.committing'to them the same report, with directions to report according to the principles fixed by the decree. The commissioners again reported that they went on the premises, and returned their es *282 tímate; and it is the want of notice of this meeting that is excepted to. No proof was adduced on this point by either party, and the court determined that it was the duty of the commissioners to see that the parties had notice, before they proceeded; and that the presumption of law, that they did their duty, attached to their acts ; and that, of course, it must be presumed that they had seen that Clay had the notice intended.
Where the party objects to a 'commissioners’ re port, - on the ground that he had not notice of the time and place Of the meeting of the commissioners, and especially if he makes affidavit of his want of notice, notice will not be presumed; it must be proved.
4. We readily admit, that it would not be proper for commissioners to proceed, unless they were satisfied that the parties had notice, and that it of course may he presumed that they acted thus prudently ; but if they were thus satisfied, the question remains, to what purpose ought their decision upon the fact that notice was given, to be applied ? Is it afterwards so far to conclude the parties as to cast the onus proban. bi of a negative, on the party to whom notice was to be given, when the same question is afterwards made in court ? or is it only to satisfy the commissioners that they ought to proceed ? The latter is all the weight which ousht to be attached to their decision ueon no. tice, and the sole use that ought to be made of it. It is then fair to presume, that the commissioners were satisfied that notice was given: but this does not amount to proof that the fact is really so, Hence, the questioning of this matter in court may be assimilated to an appeal, in matter of fact, from the commissioners to the court, where the matter is again set at large, and he who holds the affirmative ought to prove it. To the commissioners is not confided, by their appointment, the right to bind the parties upon the fact of notice, or its reasonableness or sufficiency. These are matters reserved for the decision of the court s and to the commissioners is confided the right to adjudicate and determine upon the matters of assessment given them in charge by the decree. If this was not the case, it would be often impossible to prove the negative, that notice was not givenj and, of course, many reports, procured ex parte, by the management, fraud or address of the party calling the commissioners, in inducing them to believe that notice was in fact given, would stand the test, and could never be set aside. Hence, we conceive that the complainant below ought to have proved notice, especially as there was an affi *283 davit denying its existence; and that the court below erred in excusing him from it, and taking the bare fact, that the commissioners acted, as sufficient proof that due uotice was given.
Where a case does not come within the provisions of our | occupying claimant laws, it is improper to compel the complainant to accept of bonds for the payment of the amount recovered, according to the provisions of that act.
The costs of the commissioners ought to be decreed the complainant, as well as his other costs.
Where half a house is recovered with the land, and the other half left with the occupant, he is entitled to no pay for the half re» covered.
5. The court, after rendering the decree against Clay, directed execution, unless Clay would give bond with sufficient security, to pay the money in two annual instalments; which bond he accordingly gave; and of this part of the proceedings the complainant below complains in his assignment of error.
This was, no doubt, intended for the purpose of moulding the proceedings into the shape directed by the acts concerning occupying claimants; but, for this assimilation we discover no valid reason. The recovery was not, and could not be had under these laws, but according to equitable principles 5 and therefore, like other decrees, it ought to have been rendered absolute for money, and not exchanged or commuted, by order of the court, for a bond, which only had the force of a bond at common law, and could not be enforced without a new suit, and could not pos. sess the force of a judgment and entitle the obligee at once to execution thereon. This part of the decree is likewise deemed erroneous.
6. The court refused, in decreeing costs, to include the costs of the commissioners. Although this has the same apology, of the provisions of the occupying claimant law iñ its favor, yet it cannot be sustained. It has been the uniform practice in chancery, to give the costs of commissioners or auditors with the decree, unless the account or assessment taken by them was found to be an useless and unnecessary proceedure j and we perceive no good reason for departing from the rule in this case, where the report was so essential, that without it the decree could not be rendered.
7. Another question of some difficulty is presented by the assignment of error on the part of the com. plainant. The line, as settled by the previous suit, passed through a still, house erected by the complainant, so as to prevent either party from occupying it. The commissioners reported a sum, which they allege to be the value of that part recovered by Clay. This the court struck from the report, as not being of that character which ought to be recovered by the occu. pant.
*284 It may be contended, that although neither party Can apply or use their respective portions of the house, for.the purpose for which the whole house was designed. yet the occupant ought to be entitled to so much as the materials of the part, lost were worth. To this, however, it may be replied, that as materials of this character are generally taken from the land, it is not for them that the occupants can recover payment. It is the labor and capital expended in placing them in improvements, useful, lasting and valuable, for which he recovers. And although the occupant, has placed this improvement, by mistake merejy, in a situation where its utility is lost, yet it is more equitable that he should lose it than that the other party should be, compelled to pay for that which does not in any degree enrich him. The court below, therefore, did not err in expunging this item from the report.
For the other reasons assigned, the decree must be reversed; and as assignments of error on each side have been sustained, each party must recover the costs of their respective writs of error, and the cause must be remanded, with directions, if the complainant fails to prove notice of the meeting of the commissioners, to set aside the report, and again refer the matter to the same or other commissioners, to report thereon ; and for such other proceedings as may not be inconsistent with this opinion.